IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HUGUETTE NICOLE YOUNG, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-20-2935 |
| BRIAN FROSH, *in his official capacity as Attorney general of Maryland*, | * | |
| | * | |
| Defendant | | |
| | * | |

\*\*\*

# MEMORANDUM

The self-represented plaintiff, Huguette Nicole Young, filed suit challenging Governor Hogan's Executive Order 20-04-15-01, requiring the wearing of face masks on public transportation and in retail and food service establishments. ECF 1. Plaintiff sought a declaration that the Executive Order is unconstitutional. *Id.* She also sought to enjoin enforcement of the Executive Order. *Id.*[1] By Memorandum and Order of October 20, 2020 (ECF 5; ECF 6), I dismissed the Complaint for declaratory and injunctive relief, without prejudice. I determined that Young lacked standing and that the claim is not ripe.

Now pending is Young's motion for reconsideration of that dismissal, filed on October 27, 2020. ECF 7. Plaintiff also filed several attachments, including a proposed First Amended Complaint For Declaratory And Emergency Injunctive Relief. ECF 7-4.

---

[1] The federal Judiciary's Public Access to Court Electronic Records (PACER) service shows that Young has filed similar cases in other federal courts. *See*, *e.g., Young v. Marshall*, No. 20-495-JB-MU (S.D. Ala. Oct. 7, 2020); *Young v. Rutledge*, No. 20-1185-BRW (E.D. Ark. Oct. 6, 2020); *Young v. Becerra*, No. 20-05628-JD (N.D. Cal. Aug. 13, 2020); *Young v. Connors*, No. 20-425 (D. Haw. Oct. 5, 2020); *Young v. Cameron*, No. 20-680 (W.D. Ky. Oct. 4, 2020); *Young v. Landry*, No. 20-2730 (E.D. La. Oct. 5, 2020); *Young v. Healey,* No.20-11832 (D. Ma. Oct. 8, 2020); *Young v. Balderas*, No. 20-789 (D.N.M. Aug. 5, 2020); *Young v. Ferguson,* No. 20-cv-00277-RMP (E.D. Wash. Aug. 10, 2020); *Young v. Kaul*, No. 20-935 (W.D. Wis. Oct. 8, 2020).

Young identifies herself as a long-haul truck driver and a law school graduate with expertise in constitutional law. She also states that she holds a doctorate in biochemistry. In the Complaint, she alleged that Governor Hogan's Executive Order violates her right to free speech under the First Amendment to the Constitution of the United States by "by literally blocking" her "ability to speak audibly and clearly while wearing a face mask." ECF 1 at 1-2. Further, she asserted that her "right to free speech will be violated . . . in the likely event [her] next trucking job has [her] passing through Maryland because [she] will be required to wear a mask while doing her routine shopping for supplies at Walmart in Maryland." *Id.* at 10.

The dismissal was based on lack of standing and ripeness. ECF 5. Young seeks reconsideration of the dismissal based on her "new circumstances." ECF 7 at 3. She states that while she receives her mail in Oregon, she "is eager to relocate anywhere opportunity takes her as long as there is no mask mandate [and that this] includes Maryland, where plaintiff will visit before the end of October." She predicts that "she will certainly be injured by Maryland's face-mask mandate in the immediate future when she shops at Walmart stores in Maryland and visits Maryland veterans." *Id*. Further, Young asserts that "[t]he court may be unaware of what it means to be a long-haul truck driver: A long-haul truck driver lives in his/her truck and resides in the entire lower 48 states. [Young] simply chooses to receive her mail, pay her state taxes and have her Commercial Driver's License (CDL) issued out of Oregon." *Id*. at 1-2.

Further, Young explains that her proposed amended complaint differs from the original Complaint in three respects. First, she has added "the term 'inability to communicate expressively'" to paragraph 2 as "an injury caused by face mask mandates to cover a First Amendment right to smile at others." ECF 7-4 at 1. Second, she has added a footnote to paragraph 7 and "stronger wording" in paragraph 17 to "clarify an intentional muddying of the waters carried

2

out by scientists . . . concerning mortality rates of Covid-19." *Id.* Third, in paragraphs 19-21, which concern jurisdiction, standing, and the parties, she has "updated [her] status in seeking new employment . . . and/or training opportunities in Maryland in the Maryland legal profession." *Id.*

Plaintiff explains that she is pursuing a career shift into the legal profession. *Id.* at 11. However, Young does not indicate that she is a member of the Maryland Bar. And, she indicates that she "is expected" to be in Maryland within the coming week, although she provides no additional details. *Id.* She also states that she is currently unemployed, resides in Oregon, and is "eager to relocate anywhere opportunity takes her as long as there is no mask mandate." *Id*. at 12.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc*., 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a motion to reconsider maybe construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008). Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Because Young filed for reconsideration within 28 days of my order dismissing this action, I will consider the motion under Rule 59(e).

Fed. R. Civ. P. 59(e) "permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014). But, the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit has clarified: "Our case law makes clear [] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling

law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see United States ex el Carter v. Halliburton Co*., 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 2018 WL 587746 (June 25, 2018); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.,* 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys*., 116 F.3d 110, 112 (4th Cir. 1997).

As indicated, a district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id*.; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). In other words, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc*.,56 F.3d 825, 828 (7th Cir.1995)); *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

Young asserts no error of law, newly discovered evidence, or grounds pertaining to manifest injustice. Moreover, it is a bedrock principle that Article III of the Federal Constitution confines the federal courts to the adjudication of "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted); *see Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "Indeed, 'no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Dreher v. Experian Info. Solutions, Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1547 (2016)).

Therefore, during the pendency of a case, an actual controversy must exist. *See Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974); *Int'l Bhd. of Teamsters, Local Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 234 (4th Cir. 2019); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013). Conversely, in the absence of a case or controversy, "the court's subject matter jurisdiction ceases to exist . . . ." *S.C. Coastal Conservation League v. U.S. Army Corps. of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015); *see Gardner v. GMAC, Inc.*, 796 F.3d 390, 395 (4th Cir. 2015) (same).

"One element of the case-or-controversy requirement" is that a plaintiff must establish standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *see Spokeo, Inc.*, 136 S. Ct. at 1547 ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy.");

*South Carolina v. United States*, 912 F.3d 720, 726 (4th Cir. 2019) ("The standing doctrine derives from the Constitution's limitation on Article III courts' power to adjudicate cases and controversies.") (internal quotation marks and citations omitted). The *Clapper* Court explained, 568 U.S. at 408: "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches."

The "constraint of Article III" includes principles of standing as well as ripeness, which "presents a 'threshold question [] of justiciability.'" *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013) (citation omitted); *see South Carolina*, 912 F.3d at 730. Like standing, ripeness is an issue of subject matter jurisdiction. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013); *see NAACP v. Bureau of Census*, 382 F. Supp. 349, 363 (D. Md. 2019) (describing standing and ripeness as "overlapping facets" of subject matter jurisdiction).

The doctrine of standing consists of two distinct "strands": constitutional standing, pursuant to Article III, and prudential standing. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Thus, "the standing inquiry asks whether a plaintiff ha[s] the requisite stake in the outcome of a case . . . ." *Deal v. Mercer County Board of Ed.*, 911 F.3d 183, 187 (4th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)). Under Article III, "a party invoking the jurisdiction of a federal court [must] seek relief for a particularized injury," which is a requirement that "serves vital interests going to the role of the judiciary in our system of separated powers." *Hollingsworth v. Perry*, 570 U.S. 693, 696 (2013).

In addition to satisfying constitutional standing requirements, a plaintiff must also demonstrate that her claims are not barred by prudential limitations on a federal court's exercise

of jurisdiction. *United States v. Windsor*, 570 U.S. 744, 756-57 (2013); *see also*, *e.g.*, *Elk Grove Unified Sch. Dist.*, 542 U.S. at 11; *Doe v. Sebelius*, 676 F. Supp. 2d 423, 428 (D. Md. 2009). Prudential standing "'embodies judicially self-imposed limits on the exercise of federal jurisdiction.'" *Elk Grove Unified Sch. Dist.*, 542 U.S. at 11 (citation omitted).

One such limitation is that "a plaintiff generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). This limitation serves to "preclude a court from deciding 'questions of broad social import in cases in which no individual rights will be vindicated'" and to ensure that "'access to the federal courts [is] limited to those litigants best suited to assert the claims.'" *Buchanan v. Consolidated Stores Corp.*, 125 F. Supp. 2d 730, 738 (D. Md. 2001) (quoting *Mackey v. Nationwide Ins. Co.*, 724 F.2d 419, 422 (4th Cir. 1984)).

To establish Article III standing, a plaintiff must satisfy three elements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). They are, *id.* (internal quotation marks and citations omitted):

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*See also Spokeo, Inc.*, 136 S. Ct. at 1548; *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 168 (2014); *Clapper*, 568 U.S. at 409; *Friends of the Earth, Inc.*, 528 U.S. at 180-81; *Overbey v. Mayor of Baltimore*, 930 F.3d 215, 226-27 (4th Cir. 2019); *South Carolina*, 912 F.3d at 726; *Sierra Club v. U.S. Dep't of the Interior*, 899 F.3d 260, 284 (4th Cir. 2018); *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 207 (4th Cir. 2017); *Cahaly v. Larosa*, 796 F.3d 399, 406 (4th Cir. 2015);

*Lane v. Holder*, 703 F.3d 668, 671 (4th Cir. 2011); *Doe v. Obama*, 631 F.3d 157, 160 (4th Cir. 2011).

Plaintiff's predictions of expected future travel to Maryland and injury in Maryland are speculative and insufficient to confer standing. *See Spokeo, Inc.*, 136 S. Ct. at 1547; *see also Lujan*, 504 U.S. at 560 ("[T]he plaintiff must have suffered an 'injury in fact'— an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical." (internal citations omitted)).

As indicated, injury in fact is sufficient to confer Article III standing when a plaintiff "has sustained or is immediately in danger of sustaining a direct injury." *Spokeo*, 136 S. Ct. at 1552 (Thomas, J., concurring) (citation omitted). And, Article III standing is satisfied when an alleged future injury is "'certainly impending' or there is a 'substantial risk' that the harm will occur." *See Susan B. Anthony List*, 573 U.S. at 158 (quoting *Clapper*, 568 U.S. at 414 n.5). But, allegations of possible future injury do not constitute injury in fact. *Clapper*, 568 U.S. at 409.

In my view, plaintiff's allegations do not establish standing or ripeness. Therefore, there are no grounds to warrant reconsideration of the dismissal on the basis of principles concerning standing or ripeness.

As noted, plaintiff has also submitted a proposed amended complaint. Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. It provides that a party "may amend its pleading once as a matter of course" before the opposing party files a responsive pleading. Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Rule 15 provides that leave to amend should be "freely give[n] . . . when justice so requires." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*,

914 F.3d 213, 227-28 (4th Cir. 2019); *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 409 (4th Cir. 2013). A motion to amend should be denied "'when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001)(quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)); *see Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013); *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

Given the posture of the case, a motion to amend is not required. Therefore, I shall consider the principles of standing and ripeness in the context of the amended complaint. The minor alterations to the proposed amended complaint do not provide a basis to alter my prior ruling.

"A proposed amendment is futile when it is 'clearly insufficient or frivolous on its face.'" *Save Our Sound OBX*, 914 F.3d at 228 (quoting *Johnson v. Oroweat Foods Co.*, 503, 510 (4th Cir. 1986)). A proposed amendment is also futile if the complaint, as amended, fails to state a claim upon which relief could be granted. *Save Our Sound OBX*, 914 F.3d at 228. Thus, a court may disallow amendment where "the new claim would not have survived a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Davison*, 912 F.3d at 690; *see Martin v. Duffy*, 858 F.3d 239, 247-48 (4th Cir. 2017) (affirming denial of leave to amend on futility grounds where the plaintiff's "pleading deficiency cannot be cured by amendment of his complaint"), *cert. denied*, ___ U.S. ___ 138 S. Ct. 738 (2018); *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (stating that a court need not grant leave to amend where the amendment would have "no impact on the outcome of the motion to dismiss").

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

9

*see Ashcroft v. Iqbal*, 556 U.S. 662, 687-80 (2009) (expounding on the Rule 12(b)(6) standard); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).

In short, to survive Rule 12(b)(6), the "'plaintiffs' factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging their claims across the line from conceivable to plausible.'" *Hately v. Watts*, 917 F.3d 770, 781 (4th Cir. 2019) (citation omitted).

Young's proposed amended complaint adds no new factual allegations showing concrete and imminent danger of injury so as to confer standing, or to otherwise render her claims ripe for review. Based on the proposed amended complaint, the plaintiff lacks standing and the claim is not ripe.

An Order follows.


Date:   November 10, 2020                             /s/
                                                Ellen L. Hollander
                                                United States District Judge